**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0490-23

ROBERT DIX,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted November 5, 2025 – Decided November 14, 2025

Before Judges Gooden Brown and Rose.

On appeal from the New Jersey Department of Corrections.

Robert Dix, appellant pro se.

Matthew J. Platkin, Attorney General, attorney for respondent (Janet Greenberg Cohen, Assistant Attorney General, of counsel; Joseph D. Sams, Deputy Attorney General, on the brief).

PER CURIAM

Robert Dix, a former inmate at New Jersey State Prison (NJSP), appeals from an October 24, 2024 final agency decision of the New Jersey Department of Corrections (NJDOC), denying his claim for reimbursement of missing property.[1]  We affirm.

## I.

On January 28, 2023, NJSP's Special Operations Group (SOG) conducted a wing search of the prison housing Dix's cell.  During the search, Dix was removed from his cell and moved to another location.  When he returned, Dix noticed his watch was missing.  That evening, Dix entered an inquiry through the NJDOC's JPay kiosk to NJSP Administration, Special Investigations Division (SID), and Custody concerning his watch.

On January 20, 2023, Dix received a response from SID through JPay "to fill out a property claim form for any missing property."

On February 2, 2023, Dix submitted to the NJDOC an Inmate Claim for Lost, Damaged, or Destroyed Personal Property form.  In the form, Dix claimed loss of a "Citizen Titanium" watch, valued at $500 when it was gifted to him

---

[1]  Dix was incarcerated when he filed this appeal.  Thereafter, mail sent by the clerk's office to Dix at NJSP was returned and "marked no longer there."  In view of the claim asserted, we consider the merits of his appeal; the NJDOC does not argue otherwise.

twenty years ago, with a present value of $300. Dix stated he would "accept $400 plus approval to be replaced at [his] cost" for settlement of the claim. In response to question seven of the form, the "[m]anner in which item(s) w[ere] lost, damaged or destroyed," Dix answered: "Wing search by SOG watch was not in cell when I was returned to the cell." Notably, Dix did not answer question eight of the form, which sought the "[n]ames of witnesses to the incident." To support his claim, Dix included a 2009 Personal Property Inventory form from the Virginia DOC and a 2012 NJDOC Inmate Inventory Sheet, listing the watch as his personal property. He also submitted 2014 NJSP package invoices, a receipt, and correspondence regarding repairs to the watch.

On February 8, 2023, the Property Claims Committee notified Dix his claim could not be processed because he did not provide a receipt for the watch.

On February 15, 2023, Dix responded the watch "was a gift from a family member who now has dementia, no way to provide a receipt or even a source of sale." For the first time in this correspondence, Dix mentioned, on January 28, 2023, he "informed the wing [o]fficers, (who were not the regulars), SGT," in addition to submitting an inquiry through JPay. Dix provided additional NJSP property inventory sheets from 2018 and 2022, documenting the watch.

A-0490-23

On March 30, 2023, the Inmate Claims Committee (Committee) denied Dix's claim, finding Dix "did not provide necessary documentation that pro[v]ed authorized possession of the item(s) named in the claim. Sufficient information has not been supplied by the inmate, including property receipts, witnesses and investigative reports."

On April 5, 2023, the Administrator "disapproved" Dix's claim. In the accompanying checklist, the Committee listed: "Citizen watch missing. Not in Armory. Need proof of purchase. Check w/ search supervisor."

The following day, Dix submitted an inquiry through JPay regarding the denial of his property claim. Noting he was transferred to the NJSP from another state, Dix reiterated he had his "watch for a documented 16 or so years, multiple states with the paper[]work to prove such." Dix inquired as to his next steps for recovery of his watch, including whether the NJDOC had a list of officers who searched his cell.

On April 10, 2023, Dix wrote to Claims Processing, Administration, NJDOC, Custody, and SID regarding the denial of his property claim. Dix asked where he could obtain investigative reports and witness statements to support his claim. Dix further stated he reported his missing watch "immediately to the

A-0490-23

unit officers (non-regulars), the SGT. Fischer, . . . as well as logging it into the JPay system."

On May 23, 2023, Dix filed a grievance through JPay regarding his missing watch and denial of his property claim.

On August 23, 2023, the NJDOC denied the claim, stating: "Property claims are not addressed via the Jpay [k]iosk. You are required to address matters of this nature at the institutional level where your claim will be reviewed and provided with a final decision. Please follow up at the institutional level."

This appeal followed. The NJDOC moved for remand for further consideration. We granted the motion and retained jurisdiction.

The Committee reevaluated Dix's claim and the Assistant Superintendent issued a final agency decision on October 24, 2024, denying Dix's property claim. In the decision, the Assistant Superintendent noted the Committee initially denied the claim for lack of documentation, including a sales receipt, and proof of valuation and authenticity.

Turning to the Committee's second review of the claim, the Assistant Superintendent noted "[a]ll reasonable efforts were made by staff to reinvestigate this claim, to include speaking with supervisors of search teams and additional staff." The Assistant Superintendent elaborated:

The Committee determined there was no negligence on behalf of the NJDOC. You indicated that the watch was missing after a[n] SOG search but provided no information to support the claim. The NJDOC cannot determine if the watch was given away, gambled away, or lost/misplaced. The investigation reveals no report of loss/damage on day of search by officers to supervisors as no officers claim any wrongdoing during search procedure. It is noted that you did not report loss/damage on the day of search to your housing unit officers or area supervisor in an effort to immediately document loss.

On appeal, Dix argues the NJDOC's denial of his property claim was arbitrary, capricious, and unreasonable because the agency's decision was "based solely upon his inability to provide a receipt." For the first time on appeal, Dix claims "[he] is entitled to reimbursement for all litigation costs."

II.

Our review of an agency decision is limited. See In re Stallworth, 208 N.J. 182, 194 (2011). "It is well-established that an appellate court will not disturb the ultimate determination of an agency unless it was arbitrary, capricious or unreasonable or it was not supported by substantial credible evidence in the record as a whole." Moore v. Dep't of Corr., 335 N.J. Super. 103, 110 (App. Div. 2000); see also R. 2:11-3(e)(1)(D); Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980).

A-0490-23

"A reviewing court 'may not substitute its own judgement for the agency's, even though the court might have reached a different result.'" Stallworth, 208 N.J. at 194 (quoting In re Carter, 191 N.J. 474, 483 (2007)). "This is particularly true when the issue under review is directed to the agency's special 'expertise and superior knowledge of a particular field.'" Id. at 195 (quoting In re Herrmann, 192 N.J. 19, 28, (2007)). But an agency's "interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378, (1995).

Pursuant to N.J.A.C. 10A:2-6.1(a), an inmate must file a claim for lost, damaged, or destroyed property with the administrator or designee. Once an inmate properly files a claim for lost, damaged, or destroyed personal property, the NJDOC must investigate and prepare a report. N.J.A.C. 10A:2-6.1(b). "The investigation . . . shall consist of, but not be limited to: (1) [o]btaining statements from the inmate, witnesses and correctional facility staff; and (2) [v]erifying that the inmate was authorized to have and did in fact, possess the personal property named in the claim." N.J.A.C. 10A:2-6.1(b)(1) and (2). "Verification of possession of lost, damaged or destroyed personal property may be made by review of applicable documentation such as the IIS-1M Inmate

Inventory Sheet maintained by the correctional facility." N.J.A.C. 10A:2-6.1(b)(1)(3).

When deciding whether to approve an inmate's property claim, the NJDOC must consider:

> 1. Whether the investigation revealed any neglect by the correctional facility;
>
> 2. Whether care was exercised by facility staff preventing property loss, damage or destruction;
>
> 3. Whether the inmate exercised care in preventing property loss, damage or destruction;
>
> 4. Whether it has been proven that the inmate was authorized to have and did, in fact, possess the item(s) named in the claim;
>
> 5. Whether sufficient information has been supplied by the inmate, including proper receipts, witnesses and investigative reports;
>
> 6. Whether the inmate submitted the claim in a timely manner;
>
> 7. Whether the loss or damage exceeds authorized amounts of correctional facility personal property limits;
>
> 8. Whether the personal property is considered contraband; and
>
> 9. Whether other reviewers recommend denial of the claim and the reasons therefor.

A-0490-23

[N.J.A.C. 10A:2-6.2(a).]

If a claim is denied, the NJDOC must notify the inmate in writing and provide substantiating reasons. N.J.A.C. 10A:2-6.1(f).

On remand in the present matter, the Committee reinvestigated Dix's claim, spoke with the search teams' supervisors and additional staff members, and determined there was no negligence on behalf of the NJDOC. Pursuant to N.J.A.C. 10A:2-6.2(a)(5), Dix had the burden of producing "sufficient information" to enable a meaningful investigation. Although Dix made an inquiry through JPay the evening of the search and presented documentation indicating he owned the watch, the reinvestigation revealed Dix failed to notify his housing unit officers or their supervisors of his claim. Further, the Committee spoke with the search teams' supervisors and no reports of loss or damage were made following the search.

In summary, Dix failed to provide any evidence to support his claim that his watch was stolen or otherwise misappropriated during the search. Nor did he substantiate his claim that the watch was worth $400. We are therefore satisfied there was "sufficient credible evidence on the record as a whole," R. 2:11-3(e)(1)(D), to support the NJDOC's reasons for denying Dix's claim. We

9

A-0490-23

conclude the NJDOC's decision was not arbitrary, capricious, or unreasonable. See Moore, 335 N.J. Super. at 110.

To the extent not addressed, any remaining contentions lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Hanley*

Clerk of the Appellate Division

A-0490-23